UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **CHARLOTTE PETTIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | )   Case No.  06-2143 |
| **GARY R. UNDERWOOD, doing business** | ) |
| **as Underwood Law Firm,** | ) |
| | ) |
| **Defendant.** | ) |

# REPORT AND RECOMMENDATION

In July 2006, Plaintiff, Charlotte Pettis, filed a Complaint - Class Action (#1) against Defendant, Gary R. Underwood, d/b/a Underwood Law Firm, alleging that Defendant violated Section 1692g of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (hereinafter "FDCPA"). Federal jurisdiction is based on 28 U.S.C. § 1331.

In September 2006, Defendant filed a Motion To Dismiss (#11). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#11)** be **DENIED.**

## I.  Background

The following background is taken from the complaint. Defendant Underwood, d/b/a Underwood Law Firm, regularly collects consumer debts originally owed to others. In May 2006, Defendant sent Plaintiff a collection letter. The letter referred to a debt owed by Plaintiff and stated as follows: "BALANCE DUE: $2,210.95 plus interest, attorney's fees, and court costs. (if applicable)."  (#1, ¶ 14; Letter, #1, p. 7.)  Based on this language, Plaintiff alleges that Defendant's initial letters sent to her and other class members violate Section 1692g of the FDCPA (15 U.S.C. § 1692g).

## II.  Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all inferences in the light most favorable to the nonmoving party.  *Id*. at 1521.  The Court should dismiss the case only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle her to relief.  *Bennett v. Schmidt,* 153 F.3d 516, 518-19 (7th Cir. 1998).

## III.  Analysis

Defendant argues that the Court should dismiss the complaint because the letter that he sent adequately states the amount of the debt; therefore, the complaint fails to state a claim under the FDCPA.

Section 1692g(a) of the FDCPA requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing--(1) the amount of the debt[.]"  15 U.S.C. § 1692g(a).  Based on this language, Defendant contends that the letter is objectively clear as to the balance due on the outstanding debt, and thus, it complies with Section 1692g(a)(1).  Defendant relies on *Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003).  In *Veach*, the debt collector's letter described the amount of debt as "remaining principle balance $1,050.00: plus reasonable attorney fees as permitted by law, and costs if allowed by the court."  *Id*. at 693.  The Seventh Circuit stated that the debt collector incorrectly stated the amount of the debt because he took it upon himself to hold the debtor liable for legal penalties that might be available based on Indiana statute and had not yet been awarded.  Thus, the court held that the debt collector violated the FDCPA by stating the amount of the debt as an estimate of future potential liability in a court action rather than as a statement of the current amount of the debt.  *Id.*  Here, Defendant contends that the language at issue states a balance due of $2,210.95 and indicates by the use of the phrase "if applicable" that the debtor might owe additional amounts for interest, attorney fees, and court costs.

Plaintiff contends that the language in the letter in this case is more similar to the situation in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000). In *Miller*, the debt collector's letter stated that the unpaid principal balance was $178,844.65, and also stated that "this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures." *Id.* at 875. The Seventh Circuit court held that this statement did not comply with the FDCPA because "the unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt. The requirement is not satisfied by listing a phone number." *Id.* at 875. The *Miller* court also provided some safe harbor language for debt collectors to use when debts are interest-bearing or otherwise increasing continually.

Plaintiff contends that the amount listed in the letter constitutes some unknown portion of the amount due as of the date of the letter. She also contends that it is unclear which of the listed additions to the "balance due" are subject to the "if applicable" qualification and that whether attorney fees or costs can be included depends on the contract between Plaintiff and her creditor.

In reviewing a collection letter to determine if it violates the FDCPA, the Court must consider the letter from the standpoint of the so-called unsophisticated consumer or debtor. *Sims v. GC Servs. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006). "The unsophisticated debtor is regarded as 'uninformed, naive, or trusting,' but nonetheless is considered to have a 'rudimentary knowledge about the financial world and is capable of making basic logical deduction[s] and inferences.'" *Id.* at 963 (quoting *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004)).

In *Zaborac v. Phillips & Cohen Associates.*, the Northern District court stated that "the *sine qua non* of a statute-compliance dunning letter is its inclusion of a specific amount that constitutes the consumer's present debt. If that is lacking, it is irrelevant that the letter may also contain additional explanatory phrases or qualifications that inform the consumer as to what types of items are or may be omitted . . . . " *Zaborac v. Phillips & Cohen Assocs.*, 330 F. Supp.

3

2d 962, 968-69 (N.D. Ill. 2004).  Section 1692g requires a debt collector to disclose "what the *obligation* is, not what the final, worst-case scenario *could* be."  *Miller*, 316 F.3d at 693 (emphasis in original).  Furthermore, whether the debt collector must include attorney fees or collection costs in the amount claimed to be due depends on whether the contract being enforced includes those items.  *Fields*, 383 F.3d at 565 (stating that when a debtor has contractually agreed to pay attorney fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter).

After reviewing the letter from the standpoint of the unsophisticated debtor, the Court cannot say as a matter of law that no set of facts exist that would entitle Plaintiff to relief on her FDCPA claim.  For example, it may be that at the date of the letter, Plaintiff was indebted to the creditor for a principle balance of $2,210.95 *plus* an undisclosed sum for interest accrued up to the date of the letter and attorney fees incurred by the creditor as of that date.  In such a case, the letter would not have set forth Plaintiff's "present debt" but only that portion thereof consisting of the principle balance.  Accordingly, the Court rejects Defendant's assertion that "[h]ere, the letter is objectively clear as to the 'balance due' on the outstanding debt in accordance with § 1692g."  (#12, p. 4.)  Therefore, the Court concludes that Plaintiff has adequately stated a claim and recommends denying the motion to dismiss.

## IV.  Summary

For the reasons stated above, this Court recommends that Defendant's Motion To Dismiss **(#11)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 11th day of October, 2006.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
